# *# 11071135*

| United States Bankruptcy Court<br>Western District of New York | VOLUNTARY<br>PETITION |
|---|---|

| Name of Debtor (If individual, enter Last, First, Middle):<br>**McKinnon, John** | Name of Joint Debtor (Spouse)(Last, First, Middle):<br>**None** |
|---|---|
| All Other Names used by the debtor in the last 6 years<br>(include married, maiden and trade names):<br>**None** | All Other Names used by the joint debtor in the last 6 years<br>(include married, maiden and trade names): |
| Soc. Sec./Tax I.D. No. (If more than one, state all):<br>**4916** | Soc. Sec./Tax I.D. No. (If more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**163 Hedley Place, Buffalo, New York 14208** | Street Address of Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business: **Erie** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |

**04-10920**

| Location of Principal Assets of Business Debtor<br>(if different from street address above): |
|---|

## Information Regarding Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
- ■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this district.

### Type of Debtor (Check all boxes that apply)

- ■ Individual(s)
- ☐ Corporation
- ☐ Partnership
- ☐ Other_____
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker

### Chapter or Section of Bankruptcy Code Under Which the Petition is Filed (Check one box)

- ■ Chapter 7
- ☐ Chapter 9
- ☐ Sec. 304 – Case ancillary to foreign proceeding
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

### Nature of Debt (Check one box)

- ■ Consumer/Non-Business
- ☐ Business

### Filing Fee (Check one box)

- ■ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3

### Chapter 11 Small Business (Check all boxes that apply)

- ☐ Debtor is a small business as defined in 11 U.S.C. § 101
- ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

### Statistical/Administrative Information (Estimates only)

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| (This page must be completed and filed in every case) | |

**Prior Bankruptcy Case Filed within Last 6 Years (If more than one, attach additional sheet)**

| Location | Case Number: | Date Filed: |
|---|---|---|
| Where Filed: | | |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)**

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _John McKinnon_

Signature of Debtor **John McKinnon**

X _____

Signature of Joint Debtor **None**

_____
Telephone Number (If not represented by attorney)

**February 1 , 2004**
Date

X _____
Signature of Attorney for Debtor(s)
**Diane R. Tiveron**
Printed Name of Attorney for Debtor(s)
**Hogan & Willig, PLLC**
Firm Name

**One John James Audubon Parkway, Suite 210**
**Amherst, New York 14228**
Address

**(716) 636-7600**
Telephone Number
**February 1 , 2004**
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

**Exhibit A**

(To be completed if debtor is required to file periodic reports) (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐   Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____   **February 1 , 2004**
Signature of Attorney for Debtor(s)        Date

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.
■   No

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security Numbers of all other Individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.

**UNITED STATES BANKRUPTCY COURT**      **WESTERN DISTRICT OF NEW YORK**

**In Re: McKinnon, John, Debtor(s)**    **Case No.**      **(If Known)**

See summary below for the list of schedules.   Include Unsworn Declaration under Penalty of Perjury at the end.

GENERAL INSTRUCTIONS:  Schedules D, E and F have been designed for the listing of each claim only once.  Even when a claim is secured only in part, or entitled to priority only in part, it still should be listed only once.  A claim which is secured in whole or in part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed in Schedule E only.  Do not list the same claim twice.  If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately.

Review the specific instructions for each schedule before completing the schedule.

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules a, B, D, E, F, I and J in the boxes provided.  Add the amounts from Schedules A and b to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| Name of Schedule | Attached (Yes No) | Number of sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A – Real Property | Y | 1 | $60,000.00 | | |
| B – Personal Property | Y | 2 | $6,350.00 | | |
| C – Property Claimed as Exempt | Y | 1 | | | |
| D – Creditors Holding Secured Claims | Y | 1 | | $68,250.00 | |
| E – Creditors Holding Unsecured Priority Claims | Y | 1 | | $0.00 | |
| F – Creditors Holding Unsecured Nonpriority Claims | Y | 2 | | $37,200.00 | |
| G – Executory Contracts and Unexpired Leases | Y | 1 | | | |
| H – Codebtors | Y | 1 | | | |
| I – Current Income of Individual Debtor(s) | Y | 1 | | | $2,595.46 |
| J – Current Expenditures of Individual Debtors | Y | 1 | | | $2,744.00 |
| Total Number of Sheets of All Schedules | | 12 | | | |
| Total Assets | | | $66,350.00 | | |
| Total Liabilities | | | | $105,450.00 | |

## SCHEDULE A – REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **163 Hedley Place Buffalo, New York 14208** | **Owner** | | **$60,000.00** | **$59,950.00** |
| | Total | | **$60,000.00** | (Report also on Summary of Schedules.) |

## SCHEDULE B – PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | ■ | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses or cooperatives. | | **2. Checking Account** | | **Nominal** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | ■ | | | |
| 4. Household goods and furnishings including audio, video and computer equipment. | | **4. Household Furnishings** | | **$750.00** |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc and other collections or collectibles. | ■ | | | |
| 6. Wearing apparel. | | **6. Wearing Apparel** | | **$200.00** |
| 7. Furs and jewelry. | ■ | | | |
| 8. firearms and sports, photographic, and other hobby equipment. | ■ | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | ■ | | | |

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | ■ | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize | ■ | | | |
| 12. Stocks and interests in incorporated and unincorporated businesses. Itemize. | ■ | | | |
| 13. Interest in partnerships or joint ventures. Itemize. | ■ | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | ■ | | | |
| 15. Accounts receivable. | ■ | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | ■ | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | ■ | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | ■ | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | ■ | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | ■ | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | ■ | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | ■ | | | |
| 23. Automobiles, trucks, trailers and other vehicles and accessories. | ■ | 23. 1999 Oldsmobile Alero | | $5,400.00 |
| 24. Boats, motors, and accessories. | | | | |
| 25. Aircraft and accessories. | | | | |
| 26. Office equipment, furnishings, and supplies. | ■ | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | ■ | | | |
| 28. Inventory. | | | | |
| 29. Animals. | ■ | | | |
| 30. Crops - growing or harvested. Give particulars. | ■ | | | |
| 31. Farming equipment and implements. | | | | |
| 32. Farm supplies, chemicals and feed. | ■ | | | |
| 33. Other personal property of any kind not already listed. Itemize. | ■ | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)   Total   $6,350.00

_____0_____ continuation sheets attached

## SCHEDULE C – PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under (Check one box)

☐ 11 U.S.C. § 522 (b)(1): Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

■ 11 U.S.C.§ 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| **Wearing Apparel** | **CPLR 5205** | **$200.00** | **$200.00** |
| **Household Furnishings** | **CPLR 5205** | **$750.00** | **$750.00** |
| **163 Hedley Place<br>Buffalo, New York 14208** | **CPLR 5206** | **$10,000.00** | **$60,000.00** |

## SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO DEBT | H W J C | DATE CLAIM INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C U D * | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY |
|---|---|---|---|---|---|---|
| A/C# **1858456** <br><br>**HSBC Mortgage Corporation (USA) Suite 0241 Buffalo, NY 14270-0241** | N | | **claim incurred in or about June, 2000 as and for a first lien against premises located at 163 Hedley Street, Buffalo, New York 14208**<br><br>**VALUE: $60,000.00** | | $59,950.00 | $0.00 |
| A/C# **56769450001** <br><br>**M & T Bank P.O. Box 427 Buffalo, New York 14240** | N | | **claim incurred in or about July, 2000 as and for a first lien against a 1999 Oldsmobile Alero**<br><br>**VALUE: $5,400.00** | | $8,300.00 | $2,900.00 |
| A/C# | N | | Value: | | | |
| A/C# | N | | VALUE: | | | |
| A/C# | | | VALUE: $ | | | |
| A/C# | | | VALUE: $ | | | |
| A/C# | | | VALUE: $ | | | |
| A/C# | | | VALUE: $ | | | |
| A/C# | | | VALUE: $ | | | |

|  | | | | | Subtotal (Total of this page) | $68,250.00 | |
|  | | | | | Total (use only on last page) | $68,250.00 | |

___0___ continuation sheets attached

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

(Report total also on Summary of Schedules)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

■　　Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPE OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐　　**Extensions of credit in an involuntary case**
　　Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. §507(a)(2).

☐　　**Wages, salaries, and commissions**
　　Wages, salaries and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $2,000 per employee, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐　　**Contributions to employee benefit plans**
　　Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐　　**Certain farmers and fishermen**
　　Claims of certain farmers and fishermen, up to a maximum of $2000 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐　　**Deposits by individuals**
　　Claims of individuals up to a maximum of $900 for deposits for the purchase, lease, or rental of property or services for personal, family or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(6).

☐　　**Alimony, Maintenance, or Support**
　　Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. §507(a)(7).

☐　　**Taxes and Certain Other Debts Owed to Governmental Units**
　　Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. §507(a)(7).

☐　　**Commitments to Maintain the Capital of an Insured Depository Institution**
　　Claims based on commitments to the FCIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. §507(a)(9).

*Amounts are subject to adjustment on April 1, 1998, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO D E B T | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C U D * | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| A/C# | | | | | | |
| **NONE** | | | | | | |
| A/C# | | | | | | |
| | | | | | | |
| A/C# | | | | | | |
| | | | | | | |
| | | | | | | |
| A/C# | | | | | | |
| | | | | | | |
| | | | | | | |
| | | Subtotal (Total of this page) | | | **$0.00** | |
| | | Total (use only on last page) | | | **$0.00** | |

___0___   continuation sheets attached

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

(Report total also on Summary of Schedules)

In Re: McKinnon, John, Debtor(s)  Case No.  (If Known)

## SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | H W J C * | DATE CLAIM WAS INCURED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D ** | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| Acct#: 4366 1630 6921 7533<br>**Bank One Cardmember Service**<br>**P.O. Box 15153**<br>**Wilmington, DE 19886-5153** | N | | **Goods and services provided to petitioner pursuant to statement dated January 8, 2004** | | $7,850.00 |
| Acct#: 5184 4500 4455 8991<br>**Chase**<br>**P.O. Box 15583**<br>**Wilmington, DE 19886-1194** | N | | **Goods and services provided to petitioner pursuant to statement dated January 9, 2004** | | $5,250.00 |
| Acct#: 6011 2988 7301 5253<br>**Discover Card**<br>**P.O. Box 15251**<br>**Wilmington, DE 19886-5251** | N | | **Goods and services provided to petitioner pursuant to statement dated December 19, 2003** | | $1,950.00 |
| Acct#: A51061<br>**Safe Security Central Station**<br>**5813 Transit Road**<br>**Buffalo, NY 14043-2819** | N | | **Goods and services provided to petitioner pursuant to statement dated November 10, 2003** | | $200.00 |
| Acct#: 5121-0717-3050-7377<br>**Sears**<br>**P.O. Box 182156**<br>**Columbus, OH 43218-2156** | N | | **Goods and services provided to petitioner pursuant to statement dated December 16, 2003** | | $2,400.00 |
| Acct#: 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<br>**U.S. Department of Education**<br>**P.O. Box 530260**<br>**Atlanta, GA 30353-0260** | N | | **STUDENT LOAN** | | $19,550.00 |
| Acct#: | | | | | |
| Acct#: | | | | | |
| Acct#: | | | | | |

___0___ Continuation Sheets attached.

| | |
|---|---|
| Subtotal (Total of this page) | $37,200.00 |

*If husband, enter H; if wife, enter W; if joint enter J, if community, enter C.

**If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

| | |
|---|---|
| Total | $37,200.00 |

(use only on last page of completed Schedule F.)

## SCHEDULE G – EXECUTORY CONTRACTS AND UNEXPIRED LEASES

■ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEAE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **NONE** | |

## SCHEDULE H – CODEBTORS

■ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **NONE** | |

## SCHEDULE I – CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is filed.

| Debtor's Marital Status: **Married** | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | NAMES | AGE | RELATIONSHIP |
| | **Kayla McKinnon**<br>**Francisco Whitt**<br>**Lavetta Sworn**<br>**Nathan McKinnon** | **13**<br>**11**<br>**10**<br>**6** | **Daughter**<br>**Son**<br>**Daughter**<br>**Son** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Technical Support** | |
| Name of Employer | **Ingram Micro** | |
| How long employed | Approximately **Five 1/2 Years** | |
| Address of Employer | **7159 Wherle Drive**<br>**Williamsville, New York 14221** | |

**Income**: (Estimate of average monthly income)                Debtor                    Spouse

| | | |
|---|---|---|
| Current monthly gross wages, salary and commissions (pro rate if not paid monthly) | **$3,516.50** | |
| Estimate monthly overtime | **N/A** | |
| SUBTOTAL | **$3,516.50** | |

LESS PAYROLL DEDUCTIONS

| | | |
|---|---|---|
| a. | Payroll taxes and social security | **$   595.36** |
| b. | Insurance **(Dental and Medical)** | **$   294.67** |
| c. | Union dues | **N/A** |
| d. | Other (Specify) **(Child Support)** | **$     31.01** |

| | |
|---|---|
| SUBTOTAL OF PAYROLL DEDUCTIONS | **$   921.04** |
| TOTAL NET MONTHLY TAKE HOME PAY | **$2,595.46** |

Regular income from operation of business or profession or farm
(attach detailed statement)
Income from real property
Interest and dividends
Alimony, maintenance or support payments
 payable to the debtor for the debtor's
 use or that of dependents listed above.
Social security or other
 government assistance (Specify)

Pension or retirement income
Other monthly income (Specify)

| | |
|---|---|
| TOTAL MONTHLY INCOME | **$2,595.46** |
| TOTAL COMBINED MONTHLY INCOME | **$2,595.46**  (Report also on Summary of Schedules) |

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family.  pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse".

| | |
|---|---|
| Rent or home mortgage  payment (Include lot rented for mobile home) | $650.00 |

Are real estate taxes included?      ■☐ Yes  ■☐ No    Is property insurance included?      ■☐ Yes  ■☐ No

| | |
|---|---|
| Utilities Electricity and heating fuel | $350.00 |
| Water and sewer | $ 80.00 |
| Telephone | $180.00 |
| Other:  Cable | $ 67.00 |
| | |
| Home maintenance (repairs and upkeep) | |
| Food | $295.00 |
| Clothing | $175.00 |
| Laundry and dry cleaning | |
| Medical and dental expenses | $ 80.00 |
| Transportation (not including car payments) | |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | |
| Charitable contributions | |

Insurance (not deducted from wages or included in home mortgage payments):

| | |
|---|---|
| Renter's | |
| Life | |
| Health | |
| Auto | $111.00 |
| Other | |

Taxes (not deducted from wages or included in home mortgage payments)
(Specify)

Installment payments: (in chapter 12 and 13 cases, do not list payments to be included in the plan)

| | |
|---|---|
| Auto | $356.00 |
| Other: | |

### Student Loan Repayment                    $100.00

Alimony, maintenance, and support paid to others
Payments for support of additional dependents not living at your home:

### Child Support Payment for Kayla McKinnon                    $150.00

### Child Support Payment for Francisco Whitt                    $150.00

Regular expenses from operation of business, profession, or farm (attach detailed statement)
Other

| | |
|---|---|
| TOTAL MONTHLY EXPENSES (Report also on summary of Schedules) | $2,744.00 |

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

A.  Total projected monthly income

B.  total projected monthly expenses

C.  Excess income (A minus B)

D.  Total amount to be paid into plan each
                    (interval)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **twelve (12)** sheets (total shown on summary page plus 1), and that they are true and correct to the best of my knowledge, information and belief.

**Date: February 1 , 2004**      Signature: _John McKinnon_
                                **John McKinnon** Debtor

**Date:**                     Signature:_____
                             **None**, Joint Debtor, if any

(if joint case, both spouses must sign)

..................................................................................................................................................................

CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (SEE 11 U.S.C.§110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. §110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____      _____
Printed or Typed Name of Bankruptcy Petition Preparer      Social Security No.

_____

_____
Address

Names and social Security numbers of all other individuals who prepared or assisted in preparing the document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X_____      _____
Signature of Bankruptcy Petition Preparer      Date

**A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C.§110; 18 U.S.C.§156**

..................................................................................................................................................................

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____(the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____(corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (total shown on summary page plus 1), and that they are true and correct to the best of my knowledge, information and belief.

Date:                        Signature:_____
                               (Print or type name of individual signing on behalf of debtor)

(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor)

Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. § 152 and §3571.

**UNITED STATES BANKRUPTCY COURT**                    **WESTERN DISTRICT OF NEW YORK**

In Re: McKinnon, John., Debtor(s)                    Case No.          (If Known)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1.      I, the debtor, have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.
2.      My intention with respect to the property of the estate which secures those consumer debts is as follows:
        a.      Property to Be Surrendered.

| Description of property | Creditor's name | H,W,or J |
|---|---|---|
| 1999 Oldsmobile Alero | M & T Bank | H |

        b.      Property to Be Retained(Specify Reaff'd, Red'd or Exempt to state debtor's intention concerning reaffirmation, redemption or lien avoidance*)

| Description of property | Creditor's name | Reaff'd* Red'd Exempt |
|---|---|---|
| **163 Hedley Place Buffalo, New York 14208** | **HSBC Mortgage Corp.** | **Reaff'd** |
| ~~1999 Pontiac Alero~~ | ~~M & T Bank~~ | ~~Reaff'd~~ |

3.      I understand that §521(2)(B) of the Bankruptcy Code requires that I perform the above stated intention within 45 days of the filing of this statement with the court, or within such additional time as the court, for cause, within such 45-day period fixes.

**Date:        February 1  , 2004**

*Reaff'd - Debt will be reaffirmed pursuant to §524(c)
Red'd  - Property is claimed as exempt and will be redeemed
            pursuant to §722
Exempt - Lien will be avoided pursuant to §522(f) and property will         ,
            be claimed as exempt

**John McKinnon**, Debtor

**None** Joint Debtor, if any

**FORM 7. STATEMENT OF FINANCIAL AFFAIRS**

**UNITED STATES BANKRUPTCY COURT**

**WESTERN DISTRICT OF NEW YORK**

In re: <u>McKinnon, John</u>,                    Case No. _____
(Name) Debtor                                                      (if known)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None

☐          State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                                SOURCE (if more than one)

**In 2001, Debtor earned an approximate annual gross income of $42,062.00;**
**In 2002, Debtor earned an approximate annual gross income of $40,157.00;**
**In 2003, Debtor earned an approximate annual gross income of $42,640.00;**
**In 2004, Debtor earned an approximate gross income to date of $5,000.00;**

**2. Income other than from employment or operation of business**

None
■
State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|        AMOUNT        |        SOURCE        |
|---------------------|---------------------|

---

**3. Payments to creditors**

None
■
a.    List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

None
■
b.    List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
■
a.    List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
■     b.     Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

### 5. Repossessions, foreclosures and returns

None
■     List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

### 6. Assignments and receiverships

None
■     a.     Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

---

None
■     b.     List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7. Gifts

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF LOSS PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

None
■

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 10. Other transfers

None
■

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

**11. Closed financial accounts**

None

■ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None

■ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None

■ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None

■ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None
■

If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                          NAME USED                          DATES OF OCCUPANCY

---

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites. "Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

---

None
■

a.      List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

SITE NAME            NAME AND ADDRESS            DATE OF            ENVIRONMENTAL
AND ADDRESS          OF GOVERNMENTAL UNIT        NOTICE             LAW

---

None
■

b.      List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

SITE NAME            NAME AND ADDRESS            DATE OF            ENVIRONMENTAL
AND ADDRESS          OF GOVERNMENTAL UNIT        NOTICE             LAW

None
■      c.      List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

---

**18 . Nature, location and name of business**

None
■      a.      If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| --- | --- | --- | --- | --- |

---

None
■      b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
| --- | --- |

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
■    a.    List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                             DATES SERVICES RENDERED

None
■    b.    List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                       ADDRESS                   DATES SERVICES RENDERED

None
■    c.    List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                       ADDRESS

None
■    d.    List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of this case by the debtor.

NAME AND ADDRESS                             DATE ISSUED

**20. Inventories**

None
■    a.    List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

                                               DOLLAR AMOUNT OF INVENTORY
DATE OF INVENTORY    INVENTORY SUPERVISOR               (Specify cost, market or other basis)

None
■    b.    List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

                                               NAME AND ADDRESSES OF CUSTODIAN
DATE OF INVENTORY                                 OF INVENTORY RECORDS

### 21 . Current Partners, Officers, Directors and Shareholders

None
■

a.    If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
| --- | --- | --- |

None
■

b.    If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
| --- | --- | --- |

### 22 . Former partners, officers, directors and shareholders

None
■

a.    If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
| --- | --- | --- |

None
■

b.    If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
| --- | --- | --- |

### 23 . Withdrawals from a partnership or distributions by a corporation

None
■

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**24. Tax Consolidation Group.**

None
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six-year period** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION          TAXPAYER IDENTIFICATION NUMBER

---

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the **six-year period** immediately preceding the commencement of the case.

NAME OF PENSION FUND          TAXPAYER IDENTIFICATION NUMBER

---

* * * * * *

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date **February 1 , 2004**          Signature
                                    of Debtor _____
                                                        **John McKinnon**

Date _____          Signature
                                    of Joint Debtor    **None**
                                    (if any)

---

*[If completed on behalf of a partnership or corporation]*

I, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____          Signature _____

                                                    _____
                                                    Print Name and Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

__0__ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 and 3571*

---

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____          _____
Printed or Typed Name of Bankruptcy Petition Preparer          Social Security No.

_____

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X _____          _____
Signature of Bankruptcy Petition          Preparer Date

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.***

## Unsworn Declaration under Penalty of Perjury

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

**Date: February 1 , 2004**     Signature of Debtor _____
                                **John McKinnon, Debtor**

**Date:**                       Signature of Joint Debtor(if any)_____
                                **None, Joint Debtor, if any**

_____0_____ continuation sheets attached

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C.§152 and §3571.

**UNITED STATES BANKRUPTCY COURT**          **WESTERN DISTRICT OF NEW YORK**

In Re:  McKinnon, John, Debtor(s)               Case No.               (If Known)

**STATEMENT**
Pursuant to Rule 2016(b)

The undersigned, pursuant to Rule 2016(b) Bankruptcy Rules, states that:

(1)   The undersigned is the attorney for the debtor(s) in this case.

(2)   The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:

    (a)   for legal services rendered or to be rendered in contemplation of and in connection with this case.  **$1,000.00**

    (b)   prior to filing this statement, debtor(s) have paid  **$ 300.00**

    (c)   the unpaid balance due and payable is  **$ 700.00**

(3)   **$209.00**   of the filing fee in this case has been paid.

(4)   The services rendered or to be rendered include the following:

    (a)   analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under title 11 of the United States Bankruptcy Code.

    (b)   preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.

    (c)   representation of the debtor(s) at the meeting of creditors.

(5)   The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and

(6)   The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and

(7)   the undersigned has received no transfer, assignment or pledge of property except the following for the value states:

(8)   The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm, any compensation paid or to be paid except as follows:

**\*Services rendered at a rate of $110.00 to $155.00 per hour; services are expected to entail 8-10 hours.**

Dated:          **February 1 , 2004**          Respectfully Submitted _____, Attorney for Petitioner

                                                    **Diane R. Tiveron**

Attorney's name and address:  **Hogan & Willig, PLLC, One John James Audubon Parkway, Suite 210, Amherst, NY 14228**

Bank One Cardmember Service
P.O. Box 15153
Wilmington, DE 19886-5153


Chase
P.O. Box 15583
Wilmington, DE 19886-1194


Discover Card
P.O. Box 15251
Wilmington, DE 19886-5251


HSBC Mortgage Corporation (USA)
Suite 0241
Buffalo, NY 14270-0241


M & T Bank
P.O. Box 427
Buffalo, New York 14240


Safe Security Central Station
5813 Transit Road
Buffalo, NY 14043-2819


Sears
P.O. Box 182156
Columbus, OH 43218-2156


U.S. Department of Education
P.O. Box 530260
Atlanta, GA 30353-0260